695 So.2d 1365 (1997)
Jerome ADAMS
v.
CAJUN DISPOSAL, INC. and Louisiana Employers' Safety Assoc.
No. 97-C-1106.
Supreme Court of Louisiana.
June 20, 1997.
Denied.
CALOGERO, C.J., and KIMBALL, J., would grant the writ.
LEMMON, J., dissents from the denial of certiorari and assigns reasons.
JOHNSON, J., not on panel.
LEMMON, Judge, dissenting from the Denial of Certiorari.
This court should grant certiorari to address the issue of whether there is a time limitation on the right of an injured employee to seek modification of a workers' compensation judgment.
When an employee sustains a compensable injury and obtains a judgment awarding workers' compensation benefits for total temporary disability and the employee recovers from the disability and returns to work with the same employer, there is no specified time period within which the employee may reapply for benefits if the condition caused by the injury worsens and he again becomes disabled. Arguably, the court should not supply a time limitation on the right to demand further benefits for the compensable injury recognized by the judgment, since there is an implicit limitation created by the difficult burden of proving the relationship of the recurring disability back to the original injury. A persuasive logical argument can be made that an employee who sustains a compensable *1366 injury should be compensated not only during the period of initial disability, but during any subsequent periods of disability caused by a worsening of the condition and related to the original injury, no matter when the subsequent disability occurs. Moreover, it is arguably poor public policy to discourage employees from returning to work as soon as possible despite lingering disability, because of the threat of a rather short time limitation for seeking further compensation if he is subsequently unable to continue working because of a worsening of the original injury.
The court of appeal in the present case cogently observed that there is no unfairness arising from the absence of a limit on the employer's time for seeking modification, because the employer must continuously make compensation payments in order to demand modification. Nevertheless, there are compelling arguments on both sides of this issue, and this is the very type of case in which this court should exercise its supervisory jurisdiction to speak authoritatively on the issue, one way or the other.